UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUSET MAAT WISDOM BEY, | : | **CASE NO. 1:16-CV-01756** |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| STATE OF PENNSYLVANIA, | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

The *pro se* plaintiff, Auset Maat Wisdom Bey ("Bey"), initiated this action on August 23, 2016, by filing a petition (*doc. 1*) entitled "Common Law-Emergency Habeas Corpus" as well as an application (*doc. 2*) for leave to proceed *in forma pauperis*. For the reasons set forth below, we recommend dismissal of Bey's action.

Under 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." Under that section, if a litigant establishes that he or she is unable to pay the costs of the suit, the court may allow the litigant to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011).

1

Although a litigant need not be "absolutely destitute" to qualify for *in forma pauperis* status, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), such "status is a privilege rather than a right." *Shahin v. Sec'y of Delaware*, No. 12-4562, 2013 WL 4734392 (3d Cir. Sept. 4, 2013). "The decision to grant or deny an [*in forma pauperis*] application is based solely on the economic eligibility of the petitioner." *In re Womack*, 450 F. App'x 159, 160 (3d Cir. 2011).

      Here, although Bey filed an application for leave to proceed *in forma pauperis* on August 23, 2016, she failed to complete all of the information on the application. Specifically, she did not answer yes or no to questions 3(a)-3(f), nor did she fully answer questions 7 & 8 on the application. Given the lack of complete information and, therefore, our inability to determine whether Bey is unable to pay the costs of commencing this action, we issued an order (*doc. 3*) on September 9, 2016, directing Bey to either file a completed application for leave to proceed *in forma pauperis* or pay the requisite filing fee on or before October 9, 2016. The October 9, 2016 deadline, however, has elapsed, and Bey has failed to either pay the filing fee or file a completed *in forma pauperis* application. We, therefore, conclude that this action should be dismissed. *See, e.g.*, *Lindsey v. Roman*, 408 Fed.Appx. 530, 532 (3d Cir. 2010) (holding that the District Court acted within its discretion by dismissing a plaintiff's civil action for "failure to either pay the associated filing fee or file a completed [*in forma pauperis*]

application.").

Based on the foregoing reasons, **WE RECOMMEND** that Bey's action be **DISMISSED** without prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **1st** day of **November 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
